United States District Court
Southern District of Texas
**ENTERED**
October 23, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGEL FLORES, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-1263 |
| | § | |
| JBM JANITORIAL MAINTENANCE, | § | |
| INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion for Partial Summary Judgment as to KRC Floor Maintenance, Inc. (Doc. No. 36). After considering the Motion and all applicable law, the Court determines that Plaintiffs' Motion for Partial Summary Judgment must be **DENIED**. The denial is without prejudice to a subsequent motion with additional record evidence.

## I.     BACKGROUND

Plaintiffs are five janitors who worked for JBM Janitorial Maintenance, Inc. ("JBM") in Houston between approximately February 2015 and November 2017. (Doc. No. 1, at 7). During that time, JBM underpaid Plaintiffs and other janitors[1] by treating them as independent contractors for any hours that they worked over forty hours a week, thus rendering them ineligible for overtime pay. (Doc. No. 36, at 3).

Viridiana Garcia Martinez was the president and owner of JBM. (Doc. No. 36, at 4). Her husband, Defendant Rafael Martinez ("Defendant Martinez"), was a cleaning supervisor at JBM.

---

[1] Plaintiffs filed their Complaint as a collective action. (Doc. No. 1, at 14–15). No motion for class certification has been filed yet.

1

*Id.* Mary Ann Guillen, who is not and has never been a party to this suit, provided accounting, bookkeeping, and human resources services to JBM. *Id.*

Multiple JBM janitors filed wage theft complaints with the City of Houston under its wage theft ordinance. (Doc. No. 36, at 3). At the end of 2017, the Inspector General for the City determined that JBM had underpaid earned overtime and ordered it to pay back wages. (Doc. No. 36-4). The National Labor Relations Board (NLRB) General Counsel issued a complaint against JBM in October 2017. (Doc. No. 36-6, at 1). Individuals including Viridiana Garcia Martinez, Mary Ann Guillen, and Defendant Martinez were subpoenaed to testify before the Board. (Doc. No. 36-5, at 1). However, Viridiana Garcia Martinez agreed to withdraw JBM's answer to the complaint before the hearing took place. *Id.*

In November 2017, Defendant Martinez incorporated his own janitorial services company, Defendant KRC Floor Maintenance ("Defendant KRC"). (Doc. No. 36, at 4). Defendant Martinez is the president and sole owner of Defendant KRC. *Id.* Ms. Guillen helped with the incorporation and has provided accounting, bookkeeping, and human resources services to Defendant KRC since its inception. *Id.* at 5, 6. Shortly after incorporating, Defendant KRC took over a few of JBM's previous contracts. *Id.* at 6; (Doc. No. 38 ¶ 18). Defendant KRC also hired some people who worked for JBM and bought some assets from JBM, like buckets, mops, and brooms. (Doc. No. 36, at 5, 6; Doc. No. 38 ¶¶ 16, 17).

In April of 2018, Plaintiffs filed this suit, claiming violations of FLSA by JBM and Viridiana Garcia Martinez, and arguing that Defendant KRC and Defendant Martinez were also liable under a theory of successor liability. (Doc. No. 1). Both JBM and Viridiana Garcia Martinez filed for bankruptcy in May of 2018; Plaintiffs moved to drop both as defendants from the suit

shortly thereafter. (Doc. No. 13; Doc. No. 14; Doc. No. 21). Now pending before this Court is Plaintiffs' Motion for Partial Summary Judgment as to KRC Floor Maintenance (Doc. No. 36).[2]

## II.    LEGAL STANDARD

On a motion for summary judgment, the movant can succeed only if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material only when it might affect the outcome of the suit under the governing law, and a fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). If the moving party shows there is no genuine issue of material fact, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake,* 47 F.3d 1459, 1462 (5th Cir. 1995).

In asserting that a fact is or cannot be genuinely disputed, parties must cite to materials in the record. FED. R. CIV. P. 56(c)(1). The Court views all evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (quoting *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012)). However, the nonmoving party cannot thwart summary judgment with "conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Id.*

---

[2] Defendant KRC has been represented by Defendant Martinez, appearing pro se. Plaintiffs filed a Motion for Order Requiring Corporate Defendant to Retain Counsel (Doc. No. 22) in July of 2018. This Court denied the Motion (Minute Entry July 31, 2018), and Defendant Martinez has been representing Defendant KRC since. Plaintiffs again raise their objection to Defendant KRC proceeding in this manner in their MPSJ. (Doc. No. 36, at 1 n.1). The Court finds the objection to be well taken. However, Plaintiffs are still required to demonstrate their entitlement to summary judgment.

**III.     ANALYSIS**

The only issue presented in Plaintiffs' Motion is the question of whether Defendant KRC is liable as a successor to JBM. Plaintiffs argue that 1) the Court should apply successor liability doctrine to this FLSA case, and 2) Defendant KRC is indeed a successor to JBM, and thus, liable to Plaintiffs for JBM's conduct.

The Supreme Court developed successor liability doctrine through four cases concerning the binding power of preexisting collective bargaining agreements entered into by predecessor corporations. *See Rojas v. TK Commc'ns, Inc.*, 87 F.3d 745, 749–50 (5th Cir. 1996) (first citing *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 551 (1964); then citing *NLRB v. Burns Int'l Sec. Servs., Inc.*, 406 U.S. 272, 277–90 (1972); then citing *Howard Johnson Co. v. Detroit Local Joint Exec. Bd.*, 417 U.S. 249, 257–59 (1974); and then citing *Fall River Dyeing & Finishing Corp. v. NLRB*, 482 U.S. 27, 40, 43–47 (1987)). Holding a successor employer liable for the employment decisions of the previous employer furthers a policy of protecting employees when the ownership of their employer suddenly changes. *Id.* at 750; *see also Teed v. Thomas & Betts Power Sols., L.L.C.*, 711 F.3d 763, 766 (7th Cir. 2013) ("[T]he imposition of successor liability will often be necessary . . . because the workers will often be unable to head off a corporate sale by their employer aimed at extinguishing the employer's liability to them.")

Courts have since applied successor liability to labor dispute contexts beyond collective bargaining agreements. Three circuits have held that successor liability is available under the FLSA. *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 151–52 (3d Cir. 2014); *Teed*, 711 F.3d at 766–67; *Steinbach v. Hubbard*, 51 F.3d 843, 845–46 (9th Cir. 1995); *see also Hatfield v. A+ Nursetemps, Inc.*, 651 F. App'x 901, 906–07 (11th Cir. 2016) (per curiam) (adopting successor liability in FLSA action in unpublished opinion). Although the Fifth Circuit has adopted successor

4

liability in Title VII suits, *Rojas*, 87 F.3d at 750, it has not yet explicitly adopted successor liability in FLSA cases.[3] However, the Fifth Circuit did assume without deciding in a per curiam unpublished opinion that successor liability applied in a FLSA case. *Powe v. May*, 62 F. App'x 557, 557 (5th Cir. 2003) (per curiam). Additionally, district courts within the circuit have adopted successor liability under FLSA. *See Landeros v. Fu King, Inc.*, No. 7:13-CV-438, 2014 WL 12616138, at *2–3 (S.D. Tex. Aug. 6, 2014); *Valdez v. Celerity Logistics, Inc.*, 999 F. Supp. 2d 936, 941–42 (N.D. Tex. 2014) ("Because *Powe* does not suggest otherwise, because the trend among the courts that have decided the question is to recognize successor liability in FLSA cases, and because, so far as the court is aware, no court has expressly held that successor liability is unavailable under the FLSA, the court holds that successor liability can be imposed under the FLSA," *id.* at 941); *see also Rule v. S. Indus. Mech. Maint. Co., L.L.C.*, No. 5:16-CV-01408, 2019 WL 2881545, at *7–8 (W.D. La. July 3, 2019) (applying successor liability analysis to FLSA claim without explicitly adopting); *Stuntz v. Ashland Elastomers, LLC*, No. 1:14-CV-00173, 2018 WL 5091625, at *4 (E.D. Tex. Sept. 21, 2018) (same); *Hunt v. Calfrac Well Servs. Corp.*, No. 5:16-cv-325, 2016 WL 8849824, at *2–3 (W.D. Tex. July 29, 2016) (same).

Given the broad acceptance of successor liability in FLSA cases among other circuit courts and district courts within the Fifth Circuit, and given that application of successor liability under FLSA is consistent with the Fifth Circuit's decision in *Powe*, application of successor liability doctrine to this case is consistent with the developing case law. Such application of successor liability also furthers the policies espoused by the FLSA, as summarized in *Valdez*:

---

[3] Plaintiffs misstate in their Motion that the Fifth Circuit has adopted successor liability in FLSA cases, citing *Rojas v. TK Communications, Inc.*, 87 F.3d 745, 749–50 (5th Cir. 1996), in support. However, *Rojas* is a Title VII claim; there is no discussion of FLSA in that opinion.

5

> [A]s several courts have recognized, this conclusion is supported by the policy that successor liability promotes the remedial purposes of the FLSA. Without successor liability, a violator of the FLSA "could escape liability, or at least make relief much more difficult to obtain, by selling its assets without an assumption of liabilities by the buyer (for such an assumption would reduce the purchase price by imposing a cost on the buyer) and then dissolving." The rationale for recognizing successor liability in the context of labor relations, where Congress was concerned with protecting workers' rights and eliminating unfair labor practices, applies with similar force to the FLSA, by which Congress intended to "protect workers' standards of living through the regulation of working conditions."

*Valdez*, 999 F. Supp. 2d at 941–42 (citations omitted) (first quoting *Teed*, 711 F.3d at 766; and then quoting *Steinbach*, 51 F.3d at 845).[4] Therefore, the Court holds that successor liability is applicable in cases brought under FLSA.

Having decided that successor liability applies to the present case, the Court must decide whether Defendant KRC is in fact a successor to JBM and thus liable to Plaintiffs for JBM's failure to pay overtime wages. The Fifth Circuit, applying successor liability in the Title VII context, adopted a nine-factor test in *Rojas*:

> (1) whether the successor company had notice of the charge or pending lawsuit prior to acquiring the business or assets of the predecessor; (2) the ability of the predecessor to provide relief; (3) whether there has been a substantial continuity of

---

[4] Indeed, the hypothetical posited in *Valdez* appears to be common practice in reality. A *Texas Observer* article about wage theft that Plaintiffs include as an exhibit to their Motion notes that "[c]losing shop and reopening in a new guise is a common response to wage theft allegations . . . and people tend to get away with it." (Doc. No. 36-2, at 6); Gus Bova, *Wage Wars*, TEXAS OBSERVER (June 13, 2018), https://www.texasobserver.org/wage-wars/.

business operations; (4) whether the new employer uses the same plant; (5) whether he uses the same or substantially the same work force; (6) whether he uses the same or substantially the same supervisory personnel; (7) whether the same jobs exist under substantially the same working conditions; (8) whether he uses the same machinery, equipment, and methods of production; and (9) whether he produces the same product.

87 F.3d at 750 (quoting *Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 750 (7th Cir. 1985)). The Fifth Circuit noted that "the first two factors are critical," while the remaining seven "provide a foundation for analyzing the larger question of whether there is a continuity in operations and the work force of the successor and predecessor employers." *Id.* In *Powe*, the Fifth Circuit panel cited *Rojas* favorably and agreed that the "three main criteria" for determining successor liability were continuity of business operations, notice to the successor, and predecessor's ability to provide relief.[5] *Powe*, 62 F. App'x at 557.

Applying the three main criteria of successor liability to the present case, the Court finds that Plaintiffs have not met their burden of showing no genuine issue of material fact as to notice.[6] In their Motion, Plaintiffs argue that Defendant KRC had notice of JBM's history of wage complaints because both Defendant Martinez and Ms. Guillen had notice. First, Plaintiffs note that

---

[5] The panel in *Powe* actually stated that the third criterion is the *successor's* ability to provide relief, 62 F. App'x at 557, but for the reasons discussed in *Valdez*, the criterion should actually be the *predecessor's* ability to provide relief, 999 F. Supp. 2d at 942 n.6. The Court thus adopts the test as articulated in *Rojas* and *Valdez*.

[6] The second factor, whether the predecessor company can provide relief, is undisputed. Both parties agree that JBM is unable to provide relief, as both JBM and Viridiana Garcia Martinez have filed for bankruptcy. As for the third factor, whether there was sufficient continuity of business operations, the Court declines to decide. Because Plaintiffs have failed to show that there is no genuine issue as to notice, the Court need not reach the third factor to decide this Motion.

7

Defendant Martinez was subpoenaed to testify at an NLRB hearing regarding JBM's wage theft practices. (Doc. No. 36, at 9). However, in order for the subpoena to provide notice, Defendant Martinez must have received the subpoena before Defendant KRC acquired assets or business from JBM. Plaintiffs appear to be relying on an email from an NLRB attorney as evidence of the date when Defendant Martinez received his subpoena. In the email, dated January 30, 2018, the attorney stated that Defendant Martinez received his subpoena on January 26, 2017. (Doc. No. 36-5, at 1). However, this is likely a typo, because the NLRB case did not even begin until June 26, 2017. (Doc. No. 36-6, at 1). There is no copy of the subpoena in the record. Given the discrepancies in dates, there is a genuine issue of material fact concerning whether Defendant Martinez received the NLRB subpoena before Defendant KRC acquired assets or business from JBM. Thus, Plaintiffs have not met their burden in showing that Defendant Martinez had notice of the wage theft charges against JBM.

Second, Plaintiffs argue that Ms. Guillen's knowledge of the wage complaints against JBM can be imputed to Defendant KRC because she acted as an agent on behalf of Defendant KRC. (Doc. No. 36, at 9). It is undisputed that Ms. Guillen knew about the wage theft complaints, because she produced documents and was interviewed for the City's investigation of the complaints. (Doc. No. 36-4, at 3, 4). However, Ms. Guillen's knowledge of the complaints is only proof of notice for Defendant KRC if Ms. Guillen's knowledge can be imputed to the corporation. The knowledge of officers and employees[7] "at a certain level of responsibility" can be imputed to

---

[7] Defendant Martinez stated in his deposition that Ms. Guillen is an independent contractor, with whom Defendant KRC contracts for her accounting and bookkeeping services. (Doc. No. 36-1, at 9:2–4). Because the Court finds that Plaintiffs have failed to satisfy their burden of showing no genuine issue of material fact with regards to whether Ms. Guillen's knowledge could be imputed to Defendant KRC, regardless of whether independent contractors' knowledge could be imputed generally, the Court does not decide whether Ms. Guillen's status as an independent contract affects how her knowledge is imputed to Defendant KRC.

the corporation. *Valdez*, 999 F. Supp. 2d at 945 n.11 (N.D. Tex. 2014) (citing *U.S. ex rel. Vavra v. Kellogg Brown & Root, Inc.*, 727 F.3d 343, 354–55 (5th Cir. 2013) (Jolly, J., concurring)); *see also U.S. ex rel. Vavra v. Kellogg Brown & Root, Inc.*, 848 F.3d 366, 372 (5th Cir. 2017). Whether an officer or employee's knowledge may be imputed to the corporation is a "fact-intensive" question and depends on "the specific legal regimes involved." *Vavra*, 848 F.3d at 372–73 (quoting *In re Hellenic Inc.*, 252 F.3d 391, 395 (5th Cir. 2001)).

Based on the record available, the Court finds that there is a genuine issue of fact as to whether Ms. Guillen's knowledge may be imputed to Defendant KRC. Plaintiffs argue that, because Ms. Guillen was an agent of both Defendant KRC and JBM, her knowledge about the wage theft complaints can be imputed to Defendant KRC. (Doc. No. 36, at 9). However, Plaintiffs have provided no evidence as to when Defendant KRC designated Ms. Guillen as an agent. Plaintiffs point to Ms. Guillen's authorized statements to the *Texas Tribune* as evidence that she was an agent of Defendant KRC. (Doc. No. 36, at 5 & n.4). However, the *Texas Tribune* article was published on June 13, 2018, well after Defendant KRC allegedly purchased assets and acquired business from JBM. (Doc. No. 36-2). Thus, there is no evidence that Ms. Guillen was acting as an agent to Defendant KRC in a manner that would allow for imputation of her knowledge at the time that Defendant KRC acquired assets and business from JBM, as required by the test for successor liability. Additionally, even if Plaintiffs had succeeded in showing that Ms. Guillen was an agent to Defendant KRC at that time, they have not provided clear evidence that Ms. Guillen's position within the corporation was such that her knowledge could be imputed to the corporation. Instead of engaging in the "fact-intensive" analysis that the law requires in determining how knowledge is imputed from individuals to corporations, Plaintiffs presume without showing that Ms. Guillen's knowledge may be imputed to the corporation. Because

9

Plaintiffs bear the burden of showing that there is no genuine issue of material fact, the Court cannot grant their Motion on the record as it currently stands, because they have not shown that Defendant KRC had notice of JBM's wage theft complaints. Thus, Plaintiffs have not met their burden of showing that Defendant KRC is liable to Plaintiffs as a successor corporation to JBM, and so, the Court must deny their Motion.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Partial Summary Judgment as to KRC Floor Maintenance, Inc.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 23rd day of October, 2019.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE